**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARINE CORPS RECRUITING
    COMMAND II,[1]
        Appellants,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-0752-15-0346-I-1

DATE: November 4, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Duane Zezula, Woodbridge, Virginia, pro se.

Thomas Hudson, Stafford, Virginia, pro se.

Troy Michael Pugh, Fredericksburg, Virginia, pro se.

Frederick Congdon and Tracey Rockenbach, Esquire, Washington, D.C.,
    for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 U.S.C. § 1201.36(a), this appeal is a consolidation of the individual appeals set forth in Appendix A.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1 The appellants have filed a petition for review of the initial decision, which affirmed their furloughs. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to incorporate an analysis of the appellants' due process claim, we AFFIRM the initial decision.

**BACKGROUND**

¶2 On or around May 28, 2013, the agency proposed to furlough the appellants, employees of the U.S. Marine Corps at the agency's Marine Corps Recruiting Command in Quantico, Virginia, for no more than 11 workdays due to "extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began March 1, 2013." Consolidation Appeal File (CAF), Tab 5 at 4-6. The agency issued decisions on or around July 1, 2013, furloughing the appellants for 11 workdays (later reduced to 6 days). *Id.* at 7-9; Department of the Navy Administrative Record for FY 2013 Furlough Appeals (AR), Part 1, Tab 3, *available at* http://www.mspb.gov/furloughappeals/navy2013.htm. The

appellants filed appeals that were consolidated by the administrative judge. CAF, Tab 1. The appellants withdrew their request for a hearing, and the administrative judge issued an initial decision affirming the furloughs. CAF, Tab 11, Initial Decision (ID).

¶3　　　　The appellants have filed a joint petition for review.[3] *E.g.*, *Zezula v. Department of the Navy*, MSPB Docket No. DC-0752-13-1764-I-1, Petition for Review (PFR) File, Tab 1.

## ANALYSIS

The agency met its burden of proving that the furloughs promoted the efficiency of the service.

¶4　　　　A furlough is the placing of an employee in temporary status without duties and pay because of lack of work or funds or other nondisciplinary reasons. 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. Furloughs of 30 days or less are reviewable by the Board under the "efficiency of the service" standard of 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). The Board has found that an agency satisfies the efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and the agency applied its determination as to which employees to furlough in a "fair and even manner." *Id.*, ¶ 8.

¶5　　　　The appellants argue that the furloughs were arbitrary and carried out purely for political purposes. PFR File, Tab 1 at 7-8. To support this argument, the appellants have stated that sufficient funding was available to avoid the furloughs as evidenced by the unobligated funds the Department of Defense (DOD) returned to the Department of the Treasury at the end of Fiscal Year 2013.

---

[3] Each appellant filed a petition for review in his individual appeal. These petitions for review appear to be identical and are signed by all appellants. For the purpose of clarity, we only cite to the petition for review filed in *Zezula v. Department of the Navy*, MSPB Docket No. DC-0752-13-1764-I-1.

*Id.* We agree with the administrative judge's finding that the agency had to make significant spending cuts because of sequestration, and that the furloughs, in conjunction with other measures, helped it avoid a deficit. ID at 15. Even assuming, as the appellants argue, that the agency had surplus funds at the end of the fiscal year, this does not mean that the agency had no deficit to remedy when it decided to furlough employees. Because furlough decisions are inherently prospective, it is immaterial whether subsequent events ameliorated the agency's budgetary concerns. *Einboden v. Department of the Navy*, No. 2015-3117, 2015 WL 5730370, at *3 (Fed. Cir. Oct. 1, 2015). The appellants argue that the agency could have made an earlier decision to reprogram funds to avoid furloughs. PFR File, Tab 1 at 18-19. Even if this were true, the Board will not second guess an agency's decision to meet its need for spending cuts through furloughs rather than other cost-savings measures. *Chandler*, 120 M.S.P.R. 163, ¶ 9; *see Einboden,* 2015 WL 5730370, at *2 (stating that the court will not second guess agency decisions as to how to prioritize funding when faced with a budget shortfall). We agree with the administrative judge's finding that the agency established that the DOD faced a lack of funds and that the furlough actions were a reasonable management solution to the problem. ID at 15-16; *see Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014).

The appellants were provided with the required due process.

¶6        The appellants argue that they were denied due process because the deciding official had no discretion to take an action different from furloughing the appellants. PFR File, Tab 1 at 9-12. The deciding official stated that he had the authority to: modify the furloughs if he determined that an individual held a position subject to one of the exceptions established by the DOD; recommend to the Assistant Secretary of the Navy (Manpower and Reserve Affairs) through his chain of command a modification of the furlough if he concluded that the position at issue should be subject to an exception previously not recognized; and adjust

the furlough schedules.[4]  CAF, Tab 5 at 10.  Prior to rendering his decision, he considered the proposal notices, the supporting documents, and any written or oral replies.  *Id.*  Given the context of agency-wide furloughs, we find that the agency satisfied its obligation to afford the appellants due process.  *See Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 9 (2014).

¶7        The agency stipulated that, if a hearing had been held, the deciding official would have testified that he believed he had no authority to exempt anyone from furloughs unless they met the Secretary of Defense's established exception criteria.  CAF, Tab 9 at 8.  The agency also stipulated that the deciding official would have testified that he believed he had no discretion regarding who to furlough because none of his subordinates met the criteria for exception specified by the Secretary of Defense, and that if it had been up to him he would have exempted all of the appellants.  *Id.*  Although these stipulations reflect that the deciding official had limited discretion, due process does not require that a deciding official have the unfettered discretion to take any action he or she believes is appropriate upon considering the proposed adverse action.  *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶¶ 5-8 (2015).

¶8        The appellants also argue that they were not given an opportunity to appeal to the Secretary of Defense, whom they believe was the "real" deciding official.  PFR File, Tab 1 at 11-12.  Assuming arguendo that the appellants' contention, that the Secretary of Defense was the "real" deciding official is correct, requiring the Secretary of Defense to have considered and answered all of the responses to the proposed furloughs affecting DOD civilian employees would have slowed the furlough process considerably and added a significant administrative burden.  *See Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 24 (2014).  We find that the agency provided appropriate due process in the context of DOD-wide

---

[4] The deciding official uses the term "exemptions" although the DOD's May 14, 2013 memorandum refers to categorical "exceptions."  AR, Part 1, Tab 12.

furloughs, even if the appellants were not given an opportunity to submit responses directly to the Secretary of Defense. *See id.*, ¶¶ 24-25.

<u>The appellants have not shown that the agency committed harmful procedural error.</u>

¶9          Although we have found no constitutional violation, we still must consider whether the agency committed a harmful procedural error. *Rodgers*, [122 M.S.P.R. 559](), ¶ 10.  The appellants argue that the agency committed harmful procedural error by following the Secretary of Defense's directive when the Secretary of the Navy had determined that furloughs were unnecessary for his military department.  PFR File, Tab 1 at 12.  The appellants made this same argument below, and we agree with the administrative judge's finding that there was no error in the agency's procedures.  ID at 16-17.  The appellants were entitled to the procedural protections afforded to them by statute, regulation, and agency procedures.  *Rodgers*, [122 M.S.P.R. 559](), ¶ 10.  The appellants have not identified any statute, regulation, or agency procedure that required the Secretary of the Navy to independently evaluate whether furloughs would meet the efficiency of the service.  *See Yee*, [121 M.S.P.R. 686](), ¶ 14 (noting that although the agency is separately organized under the Secretary of Defense, it operates under DOD's authority, direction, and control, and finding that it was reasonable for DOD to consider its budget holistically rather than isolating each individual military department).  The agency followed its established procedure and allowed individual deciding officials to apply DOD's exceptions on a case-by-case basis.  *See Rodgers*, [122 M.S.P.R. 559](), ¶ 11.  Moreover, harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  [5 C.F.R. § 1201.4](r).  As correctly found by the administrative judge, the appellants have not shown that the agency would have reached a different conclusion if different procedures had been used. ID at 17.

¶10     Based on the foregoing, we agree with the administrative judge's finding that the agency proved by preponderant evidence that the furlough actions promoted the efficiency of the service, the appellants were provided appropriate due process, and the appellants did not show that the agency committed a harmful procedural error.  Accordingly, we affirm the initial decision as modified.

## NOTICE TO THE APPELLANTS REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.

APPENDIX A

Marine Corps Recruiting Command II
DC-0752-15-0346-I-1


Duane L. Zezula                          DC-0752-13-1764-I-1

Thomas Hudson                          DC-0752-13-1160-I-1

Troy Michael Pugh                      DC-0752-13-1749-I-1